IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

FILED
U.S. DISTRICT COURT
GEORGIA

06 MAR 22 AM 10: 14

WKS
DEPUTY CLERK

JESSIE ARNOLD,

   Plaintiff

VS.

Captain KAREN DOUGLAS; Chief
Counselor CHRISTIAN; Officer DUKES;
Officer PITTS; Officer TAMEKA
FRAZIER; Officer BURNS; Officer
JANICE INGRAM; Inmate JAMES
CUTTS; Officer M. GILBERT,

   Defendants

CIVIL ACTION NO.: 1:06-CV-37 (WLS)

## ORDER

  Plaintiff **JESSIE ARNOLD,** an inmate at Calhoun State Prison in Morgan, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

  The Prison Litigation Reform Act provides as follows regarding a prisoner's ability to proceed *in forma pauperis*:

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury.

28 U.S.C. § 1915(g).

  The Eleventh Circuit has concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals that plaintiff, while incarcerated, has filed numerous civil rights complaints in federal courts in the State of Georgia. At present, at least six of these cases or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: (1) *Arnold v. Looney*, No. 3-02-CV-2 (S. D. Ga. Sept. 26, 2002); (2) *Arnold v. Moore*, No. 5:01-CV-204 (M. D. Ga. Sept. 18, 2002); (3) *Arnold v. Rawls*, No. 3-01-CV-69 (S.D. Ga. February 28, 2002); (4) *Arnold v. Holsey*, No. 5:01-CV-289-2 (M. D. Ga. July 23, 2001); (5) *Arnold v. Houston County*, No. 5-01-CV-290-3 (M. D. Ga. July 23, 2001); and *Arnold v. Burke*, 4:99-CV-309 (M.D. Ga. March 16, 2000).

As plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). No allegations in plaintiff's complaint rise to the level of "imminent danger of serious physical injury."

Because plaintiff has more than three prior dismissals and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $250.00 filing fee at the time of filing the complaint.

**SO ORDERED**, this _21st_ day of March, 2006.

W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

lnb